**BUCKINGHAM TOWNSHIP,**
Appellant,

v.

**Ken WYKLE, Honorable, Administrator, Federal Highway Administration; David Lawton, Chief of Planning, Region 3 Federal Highway Administration; Delaware Valley Regional Planning Commission.**

**Bradley Mallory, Secretary for the Department of Transportation, Commonwealth of Pennsylvania, Intervenor in District Court.**

No. 01–2673.

United States Court of Appeals,
Third Circuit.

Argued Oct. 30, 2001.

Opinion filed Jan. 7, 2002.

Robert J. Sugarman, (Argued), Sugarman & Associates, Philadelphia, PA, Attorney for Appellant.

Annetta F. Givhan, Office of United States Attorney, Philadelphia, PA; And Brett Gainer, United States Department of Transportation, Baltimore, MD, Attorneys for Appellees Ken Wykle, Administrator, Federal Highway Administration and David C. Lawton, Chief of Planning, Region 3 Federal Highway Administration.

Kenneth Zielonis, Stevens & Lee, Harrisburg, PA, Attorney for Appellee Delaware Valley Regional Planning Commission.

John M. Hrubovcak, (Argued), Commonwealth of Pennsylvania, Office of Chief Counsel, Harrisburg, PA, Attorney for Appellee Bradley Mallory, Secretary for the Department of Transportation, Commonwealth of Pennsylvania.

Before SLOVITER, NYGAARD, and AMBRO, Circuit Judges.

MEMORANDUM OPINION

AMBRO, Circuit Judge.

Buckingham Township appeals the District Court's entry of summary judgment for the defendant agencies in its suit challenging their approval of an improvement to U.S. Route 202, Section 700 and the development of an interchange at the intersection of Route 202 and State Route 313 (also known as Pools Corner). The District Court wrote an excellent opinion that thoroughly addressed each of the numerous issues raised by Buckingham Township in its lengthy brief. We have nothing to add to that Court's fine opinion, and thus affirm.

This summary affirmance is not meant to imply that Buckingham Township raised frivolous issues. Indeed, it raised serious questions with respect to the procedures followed by the agencies. For example, they could have done a better job of apprising Buckingham Township of the progress of the Section 700 and Pools Corner projects. Further, they could have been more forthcoming in explaining adjustments to the data generated by their computer models. While we believe that the District Court answered these concerns admirably, nonetheless we encourage the agencies to keep Buckingham Township fully in the loop during upcoming projects (and phases of current projects) affecting Buckingham Township.